**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JAMELE R. BRUNER,** | **)** | |
| | **)** | |
| **Petitioner,** | **)** | |
| | **)** | |
| **v.** | **)** | **Case No. CIV-26-622-SLP** |
| | **)** | |
| **STATE OF OKLAHOMA, et al.,** | **)** | |
| | **)** | |
| **Respondents.** | **)** | |

**<u>REPORT AND RECOMMENDATION</u>**

Petitioner Jamele R. Bruner, a state pretrial detainee proceeding pro se, filed a

Petition for Writ of Mandamus ("Petition").  Doc. 1.  United States District Judge Scott L.

Palk referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C.

§ 636(b)(1)(B)-(C).  For the reasons set forth below, the undersigned recommends the

Court dismiss the Petition without prejudice.

## I.      <u>Petitioner's Grounds for Relief</u>

Petitioner names as Respondents the State of Oklahoma and a District Court of

Oklahoma County judge.  Pet. at 1.  Petitioner's request for relief appears to relate to a

post-conviction application related to his plea of guilty in District Court of Oklahoma

County case number CF-2019-3005.  Petitioner asserts:

> During post-conviction application the judge clearly erred on the grounds as
> a matter of fact & law that the defendant's plea agreement day was on Feb. 4,
> 2020.  And there was no docketed transcript of any Covid-19 mandate.

*Id*. at 2.  Petitioner argues this was "clearly erroneous" as "there is a Covid-19 mandate"

in that case.  *Id.*  Petitioner further argues "it's the judge's right and responsibility to check

the transcript of record and act according in response of the defendant." *Id.* It is unclear, however, what relief Petitioner seeks or on what basis.[1]

## II.    Screening

When a prisoner seeks relief against a governmental entity or an officer or employee of a governmental entity, the Court must screen the complaint and dismiss any part that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915A(a)-(b). "Under the liberal rules applicable to pro se complaints, an action is frivolous if the [petitioner] cannot make a rational argument on the law and facts in support of his claim." *Van Sickle v. Holloway*, 791 F.2d 1431, 1434 (10th Cir. 1986) (citation modified).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court will not, however, provide a litigant with arguments or act as his advocate. *Id.*

---

[1] The undersigned takes judicial notice of Petitioner's underlying criminal case docket in the District Court of Oklahoma County, showing he entered his plea in case CF-2019-3005 on February 4, 2021 (not 2020). The undersigned also takes judicial notice that the Oklahoma County District Judge Respondent is the judge assigned to Petitioner's current criminal case, CF-2024-5511, which is in preliminary stages. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (noting a court "may exercise [its] discretion to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

Finally, the Court "ha[s] an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

### III.    Analysis

The undersigned concludes Petitioner's claims are frivolous and, more importantly, the Court lacks jurisdiction to hear those claims.  Accordingly, the Court should dismiss the Petition without prejudice.  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) (explaining that when a district court dismisses an action for lack of subject matter jurisdiction, it must do so without prejudice).  Federal district courts are courts of limited jurisdiction and only have such jurisdiction as has been specifically conferred upon them by Congress.  Petitioner does not provide a basis for this Court's jurisdiction; nor does he allege facts from which jurisdiction could arise.

The undersigned considers two possible statutory bases for the current Petition.  First, the federal mandamus statute, 28 U.S.C. § 1361, is a jurisdictional statute that gives district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  Petitioner seeks relief against the State of Oklahoma and a District Court of Oklahoma County judge.  Therefore, the federal mandamus statute is not applicable to the instant case as the statute applies only to federal actors, and the Court has "no authority" to issue a writ of mandamus "to direct state courts or their judicial officers in the performance of their duties." *Van Sickle*, 791 F.2d at 1436 n.5 (citation modified); *see also Harris v. Denver Dist. Court*, No. 25-1195, 2025 WL 3287664, at *1 (10th Cir. Nov. 25,

3

2025) ("We affirm on the grounds that federal courts lack authority to issue writs of mandamus to state courts." (citation modified) (citing *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011)); *Stevens v. Sheriff of El Paso Cnty.*, 15 F. App'x 740, 742 (10th Cir. 2001) ("A federal district court is without jurisdiction under section 1361 to compel state officials to perform any duty owed to a [petitioner] under state law." (citation modified)).

Second, the All-Writs Act is not a jurisdictional statute but provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651(a).  As such, it only authorizes a court to issue appropriate writs when it already has jurisdiction over the action.  *United States v. Denedo*, 556 U.S. 904, 913 (2009) ("The All Writs Act and the extraordinary relief the statute authorizes are not a source of subject-matter jurisdiction." (citation modified)); *Oklahoma ex rel. Okla. Dep't of Rehab. Servs. v. United States ex rel. Shanahan*, No. CIV-18-1197-SLP, 2019 WL 7758681, at *5 (W.D. Okla. Apr. 16, 2019) ("The All Writs Act is not an independent source of subject-matter jurisdiction for the Court." (citation modified)); *Capener v. Napolitano*, 981 F. Supp. 2d 1119, 1124 (D. Utah 2013) (noting the All Writs Act does not "confer jurisdiction"); *Carnage v. Sanborn*, 304 F. Supp. 857, 858 (N.D. Ga. 1969) (noting § 1651 "is not a jurisdictional statute" and "merely" authorizes a court "to issue appropriate writs only in those actions over which it already has jurisdiction").  Here, Petitioner fails to establish this Court's jurisdiction.

Finally, even if the Court did have jurisdiction and authority to grant Petitioner relief, the undersigned recognizes that he names as a Respondent the judge overseeing his current criminal case.  If Petitioner intends to raise claims related to his ongoing criminal

4

case, CF-2024-5511, the Court should abstain from exercising jurisdiction to interfere with state proceedings under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1981). The *Younger* doctrine applies when the following three requirements are met:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (citation modified).

The *Younger* abstention doctrine would apply here as (1) Petitioner's criminal charges are pending in Oklahoma County District Court; (2) he fails to demonstrate (or even allege) that the state criminal proceeding is not an adequate forum to hear his claims (which presumably arise under state law); and (3) "state criminal proceedings are viewed as a traditional area of state concern," *id.* (citation modified). Nor has Petitioner demonstrated any "extraordinary circumstances" that might establish an exception to the doctrine. *Perez v. Ledesma*, 401 U.S. 82, 85 (1971). As such, Petitioner's claims are also barred by the *Younger* abstention doctrine. *See, e.g., Chennault v. Jackson Cnty. Jail*, No. CIV-25-487-SLP, 2025 WL 2946174, at *2 (W.D. Okla. Aug. 27, 2025) (recommending abstention under *Younger* from consideration of a pretrial detainee's civil rights claims) (R&R), *adopted*, 2025 WL 2710576 (W.D. Okla. Sept. 23, 2025).

## IV.     Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DISMISS** the Petition **without prejudice**. Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk

5

of Court not later than April 22, 2026. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 1st day of April, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE